## 21111.   UNITED STATES FIDELITY & GUARANTY COMPANY *v.* GRIFFIN.

Decided April 1, 1931.

*Bryan, Middlebrooks & Carter, O. W. Russell,* for plaintiffs in error.

*E. Harold Sheats,* contra.

Luke, J.   J. F. Griffin, whose grandson was accidentally killed while in the employ of Hope Engineering Company, claiming dependency, applied to the industrial commission of Georgia for compensation.   A hearing by one of the commissioners resulted in the denial of the application, upon the ground that the applicant was not dependent upon his grandson (Melvin Griffin) at the time of the death of the latter.   This finding was affirmed by the full commission.   Upon an appeal to the superior court of Fulton county, it was ordered that the appeal be "sustained and the claim be remanded to the industrial commission of Georgia with directions that the same be reopened, and that claimant be allowed to introduce further evidence in support of dependency, and the commission to again decide the case in the light of all the evidence." Error is assigned on this ruling and judgment.

In all the assignments of error (eleven in number) the plaintiffs in error challenge the order and judgment of the superior court in the premises as unauthorized.   We do not see that any novel or difficult question is presented.   The statute provides that the findings of fact made by the commission within its power, in the absence of fraud, shall be conclusive.   The question of dependency is one of fact, and as to that fact the finding of the commission was plainly against the applicant and certainly within its powers.   Under

the statute, the superior courts have not the power to set aside the orders and decrees of the commission save upon the grounds specified in the statute itself; and with reference to these the statute is to be strictly construed. In this case it does not appear that the superior court sustained the appeal and recommitted the case upon any of the statutory grounds. The issue of dependency having been finally determined by the commission upon sufficient evidence, we think it clear that the superior court was not authorized, under the provisions of the law, to remand the case in order "that claimant be allowed to introduce further evidence in support of dependency." In the absence of fraud we are aware of no authority for the exercise of such broad supervision by the superior courts as was employed in this case over the proceedings of our industrial commission. In our opinion the award of the industrial commission should have been affirmed.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*